# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **TERRANCE BAILEY,** <br> **AKA TERRENCE BAILEY** <br> **LA. DOC. #482319** | **CIVIL ACTION NO. 08-1125** |
| **VS.** | **SECTION P** |
| **JAMES KIRKLAND** | **JUDGE MELANÇON** <br> **MAGISTRATE JUDGE METHVIN** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Terrance Bailey, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 4, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Allen Corrections Center (ACC), Kinder, Louisiana, and he complains[1] that the defendant, an ACC Corrections Officer, struck him and made provocative sexual gestures toward him on November 9, 2007. Plaintiff sues the Officer – James Kirkland – and prays for $500,000 in compensatory damages for emotional and psychological injuries; that charges be filed against Kirkland and that he be discharged from employment; that Kirkland be ordered to stay away from plaintiff; and, that plaintiff not be subjected to disciplinary actions or transferred to another institution.

---

[1] Plaintiff was ordered to amend his original complaint and provide the court with a description of the alleged injury sustained as a result of the alleged violation. On May 11, 2009, plaintiff filed an amended complaint [Doc. #8].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

### Eighth Amendment Claims

In light of the facts alleged herein, it appears that plaintiff's claims fall within the gambit of the Eighth Amendment's prohibition against cruel and unusual punishment. It is only the deliberate indifference and unnecessary and wanton infliction of pain or acts that are repugnant to the conscience that constitute conduct proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-106, 97 S.Ct. 285, 50 L.Ed. 251 (1976). Such Eighth Amendment claims are not actionable unless there is a showing of physical injury resulting from the allegedly unconstitutional conduct. The malicious and sadistic use of force to cause harm violates contemporary standards of decency; however, not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). A use of force which is not "repugnant to the conscience of mankind," *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986), is excluded from the Eighth Amendment's prohibition of cruel and unusual punishment and is considered to be *de minimis*.

Further, 42 U.S.C. § 1997e(e) provides: "<u>No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury</u>

suffered while in custody without a prior showing of physical injury." The Fifth Circuit in *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997), held that § 1997e(e), excludes from Constitutional recognition a *de minimis* injury. In *Siglar*, *id.*, the injury complained of was a sore bruised ear which lasted for about three days. The court found such an injury to be *de minimis* and denied recovery under § 1997e(e).

The court in *Siglar v. Hightower, supra* offered no definition of *de minimis* physical injury. It has, however, been suggested that "...an appropriate *de minimis* standard would be whether as a common-sense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury? In effect, would only home treatment suffice?" *Luong v. Hatt*, 979 F.Supp. 481, 486 (N.D. Tex. 1997). A more than *de minimis* physical injury, as defined by § 1997e(e) and the jurisprudence, "... is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care." *Id.* [emphasis supplied] See also *Cain v. Commonwealth of Virginia*, 982 F.Supp. 1132, 1135 n. 3 (E.D.Va.1997) (headaches causing vision loss and requiring pain medication as well as numbness, joint pain and stomach cramps did not constitute physical injury within scope of § 1997e(e)); *Pinkston-Bey v. DeTella*, 1997 WL 158343, at *3 (N.D.Ill. Mar.31, 1997) (severe headaches not physical injury). The statute's use of the words

"physical injury" suggests that there must be some <u>actual</u> harm to the plaintiff, and that the harm must be bodily in nature. *Leon v. Johnson*, 96 F.Supp.2d 244 (W.D.N.Y., 2000).

In the instant case, accepting all of the plaintiff's allegations as true, plaintiff has not demonstrated that he suffered a compensable physical injury. By plaintiff's own admission, the "physical injury sustained was not perpetual or caused any degree of mayhem, plaintiff . . . displayed defendant's hand print across the left side of his face for hours . . . leaving his entire face numb for a period of time....the slap landed on the side of is face and not the front, and therefore his lips were not busted and no blood was lost....albeit, plaintiff's physical injury was neither life threatening or perpetual he has and continues to suffer from severe mental stress, fear, shame, embarrassment and anxiety." [Doc. #8].

As previously discussed, a mental or emotion injury is not actionable absent a showing of physical injury. Under the circumstances as alleged by plaintiff, there is no allegation that plaintiff suffered any physical injury beyond one of a *de minimis* nature as a result of the incident alleged herein. See, *Siglar,* 112 F.3d at 193 (5th Cir.1997) (bruised ear lasting several days *de minimis* injury). Plaintiff herein has failed to state a claim of violation of the Eighth Amendment prohibition against cruel and unusual punishment. Consequently, he has failed to state a claim on which relief can be granted, and his claims should be dismissed.

**ACCORDINGLY, IT IS RECOMMENDED** that plaintiff's claims herein be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.[2]**

Signed at Lafayette, Louisiana, on May 20, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[2] See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).